# ● ORIGINAL ●

68
3/18/0_
_R

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSEPH B. GORINI, | : | CIVIL ACTION NO. 1:CV 99-2215 |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | JUDGE YVETTE KANE |
| | : | |
| AMP INCORPORATED or its Successor | : | |
| In Interest, TYCO ELECTRONICS | : | |
| CORPORATION, | : | |
| | : | |
| Defendants. | : | JURY TRIAL DEMANDED |

FILED
HARRISBURG, PA

MAR 1 5 2002

MARY E. D'ANDREA, CLERK
Per _____
Deputy Clerk

## PRETRIAL MEMORANDUM

TYCO Electronics Corporation ("TYCO"), through its attorneys, hereby submits its Pretrial Memorandum in accordance with Rule 16.6 of the Local Rules of the United States District Court for the Middle District of Pennsylvania.

Date conference was held by counsel:  March 6, 2002.

### A.    Jurisdiction.

Plaintiff claims federal jurisdiction based upon claims brought pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, et. seq., the Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101, et. seq., and a Pennsylvania common law claim under supplemental jurisdiction.

### B.    Summary Statement of Facts and Contentions to Liability.

TYCO set forth its view of the facts and contentions as to liability in this case in its Statement of Undisputed Material Facts, and its Motion for Summary Judgment and supporting and reply memoranda, as well as the documents submitted in opposition to Plaintiff's Motion for Summary Judgment, and those documents are  incorporated herein as if set forth in full.

**C.**     **Proposed Statement of Undisputed Facts.**

1.     Plaintiff was hired on January 9, 1995, as the Manager, Data Resource Management.

2.     Effective on January 1, 1996, Plaintiff held the title and position of Director, Global Information Management Architecture.

3.     In September of 1997, Plaintiff held the title and position of Director, Information Systems Strategic Planning and Quality.

4.     Effective April 1, 1998, Plaintiff held the title and position of Director, Special Projects.

**D.**     **Damages.**

(1)  Principle injuries sustained:  TYCO denies Plaintiff is entitled to any damages he claims.  TYCO is entitled to the re-payment of $19,355, an erroneous payment to Plaintiff. TYCO also is entitled to the reimbursement of $16,757.00, an over-payment under the terms of the 1998 Plan.

(2)  Hospitalization and convalescence:  None.

(3)  Present disability:  None.

(4)  Special monetary damages, loss of past earnings, medical expenses, property damages, etc:  Plaintiff has not submitted to TYCO any specification of special money damages. TYCO denies that such damages are appropriate.

(5)  Estimated value of pain and suffering, etc.:  None.

(6)  Special damages claims:  TYCO denies that such damages are appropriate for Plaintiff.  TYCO is entitled to attorneys' fees and costs of this suit.

## E.    Witnesses.

Defendants reserve the right to amend this list after receipt of the Court's ruling on their Motion for Summary Judgment and Motion in Limine.  Defendants also reserve the right to call rebuttal witnesses, if necessary.

1.    Harris Booker
Barley, Snyder, Senft & Cohen LLC
126 East King Street
Lancaster, PA  17602-2893

2.    Brian Cain
TYCO Electronics Corporation
MS 128-24
P.O. Box 3608
Harrisburg, PA  17105-3608

3.    Scott Fair
234 Charles Street
Hanover, PA  17331

4.    Joseph Gorini
c/o Patricia Carey Zucker, Esquire
Michael V. Brown, Esquire
Elliott Reihner Sidzikowski Egan & Balaban
Governors' Row
27 N. Front Street
P.O. Box 1284
Harrisburg, PA  17108-1284

5.    Ken Jones
TYCO Electronics Corporation
MS 128-24
P.O. Box 3608
Harrisburg, PA  17105-3608

6.    Mark Smith
Barley, Snyder, Senft & Cohen LLC
126 East King Street
Lancaster, PA  17602-2893

1-HA/98770.1

7.   Walter Sokalsky
     TYCO Electronics Corporation
     MS 128-24
     P.O. Box 3608
     Harrisburg, PA  17105-3608

8.   Ron Vance
     TYCO Electronics Corporation
     MS 128-24
     P.O. Box 3608
     Harrisburg, PA  17105-3608

9.   William Ward
     Elwyn, Inc.
     111 Elwyn Road
     Media, PA  19063

**F.**   **Summary of Testimony of Expert Witness**

Not Applicable.

**G.**   **Special Comment About Pleadings and Discovery**

1.   TYCO requests that Plaintiff update all discovery responses within seven

(7) days before commencement of trial to the extent supplemental responses are required by the

Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the

Middle District of Pennsylvania.

2.   Defendants object to the testimony of Tammi Morris.

**H.**   **Legal Issues**

TYCO's Motion for Summary Judgment and supporting documents, as well as the

documents submitted by TYCO in opposition to Plaintiff's Motion for Summary Judgment,

discuss the legal issues presented in this case.  These matters may be supplemented by

Defendants' trial brief.

**I.**   **Stipulations Desired**

Defendants request that Plaintiff stipulate that all its exhibits are authentic.  Any objections as to relevancy are reserved until trial.  To the extent other stipulations are agreed upon by the parties, they will file such stipulations with the Court.

**J.**   **Estimated Number of Trial Days**

Defendants estimate that this trial will take 3-5 days.

**K.**   **Other Pertinent Matters**

1.   The parties have agreed to waive a jury trial for those issues eligible for a jury trial.

**L.**   **Exhibits**

See Exhibit List, attached hereto at **Tab A.**  Defendants reserve the right to amend this list for rebuttable, especially if its motion in limine is denied.

**M.**   **Special Verdict Questions**

Not applicable.

**N.**   **Defense Counsel's Certification**

The undersigned attorney hereby certifies that Defendant TYCO has been notified of the requirements under Rule 16.2 of the Local Rules of the United States District Court for the Middle District of Pennsylvania.  TYCO has been informed of the possible sanctions under Local Rule 16.2.

**O.**   **Certificate on Depositions**

Plaintiff listed several depositions in his exhibit list, however, he did not designate whether these are to be used for purposes other than impeachment.  If they are to be offered for other than impeachment purposes, the parties will meet to determine what can be eliminated

1-HA/98770.1

prior to trial.  Defendant also lists Plaintiff's deposition as an exhibit.  To the extent that it

intends to use his deposition for a purpose other than impeachment, it will seasonably notify

Plaintiff.

**P.**    <u>**Voir Dire Questions**</u>

Not applicable.

Respectfully submitted,

VINCENT CANDIELLO
G. SCOTT PATERNO
One Commerce Square
417 Walnut Street
Harrisburg, PA  17101-1904
717 237-4000

Of Counsel:

MORGAN, LEWIS & BOCKIUS LLP

Dated:  March 15, 2002

# EXHIBIT LIST
## Gorini v. TYCO

**CASE NO.: 1:CV 99-2215**

| Pltf. | Deft. | Description of Item | Identified | Evidence | Ruling | Witness |
|---|---|---|---|---|---|---|
| | 1. | Plaintiff's letter seeking employment dated 9/26/94, employment application dated 11/23/94 and resume | 100085-100086; 100078-100081; 100083-100084; 100087-100088 | | | |
| | 2. | Plaintiff's acceptance letter dated 12/14/94 | 100098 | | | |
| | 3. | Plaintiff's offer letter from TYCO dated 12/15/94 | 100089-100090 | | | |
| | 4. | Intellectual Property Agreement and Confidentiality Agreement signed by Plaintiff dated 1/9/95 | 100099-100100 | | | |
| | 5. | Plaintiff's Performance Assessment for period 1/9/95 – 12/31/95 and Business Year Merit: Approved File Copy effective 5/1/96 | 100104-100111 | | | |
| | 6. | Employee Status Change effective 1/1/96 | 100103 | | | |
| | 7. | Plaintiff's Performance Assessment for period 1/1/96 – 12/31/96 and Business Year Merit: Approved File Copy effective 5/1/97 | 100115-100120 | | | |
| | 8. | Plaintiff's Performance Assessment for period 1/97 – 12/97 | 100122-100124 | | | |
| | 9. | Employee Status Change effective 4/1/98 | 100121 | | | |
| | 10. | Business Year Merit: Approved File Copy effective 5/1/99 | 100134 | | | |
| | 11. | AMP Benefits in Brief | 000111-000116 | | | |
| | 12. | Plaintiff's Payroll Checks from 4/15/99 through first severance payment dated 4/15/99, 4/30/99 | 000203-000206 | | | |
| | 13. | Summary of Tiers | 100001 | | | |
| | 14. | Harris Booker Memorandum dated 8/10/98 | 100023-100024 | | | |
| | 15. | Employee Severance Plan | 100026 | | | |
| | 16. | Compensation and Management Development Committee of the Board of Directors of AMP – Minutes of 8/20/98 Meeting with attachments I and II | 100027-100032 | | | |
| | 17. | Severance Worksheet Documents | 100002-100007 | | | |

1

| Pltf. | Deft. | Description of Item | Identified | Evidence | Ruling | Witness |
|---|---|---|---|---|---|---|
| | 18. | List of AMP Management Structure dated 8/25/99 | 000180-000189 | | | |
| | 19. | AMP Corporate Directory | 100136; Mark Smith Dep. Ex. 5 | | | |
| | 20. | AMP Layoff Policy | 100017; Mark Smith Dep. Ex. 27 | | | |
| | 21. | Release and Related Agreements with Exhibit A | Mark Smith Dep. Ex. 30 | | | |
| | 22. | ERISA Form 5500 Report for 1995 | 100161-100166 | | | |
| | 23. | ERISA Form 5500 Report for 1996 | 100155-100160 | | | |
| | 24. | AMP Vacation Policy | 100228-100235 | | | |
| | 25. | Memo to AMP U.S. Managers and Supervisors regarding 1998 Compensation Guidelines & Updated Handbook dated 1/19/98 | 100312-100313 | | | |
| | 26. | Plaintiff's Deposition Transcript dated 6/21/00 | | | | |
| | 27. | 1999 Calendar for April, May and June | | | | |
| | 28. | Tammi Morris Application, Resume and Employment-related documents | 400001-40005; 400008-400011 400018; 400040-400041; Morris Dep. Ex. 1 | | | |
| | 29. | CareerLink Business Plan | Morris Dep. Ex. 2 | | | |
| | 30. | AMP CareerLink Categories of Services and Services Checklist | Morris Dep. Ex. 3 | | | |
| | 31. | AMP Service Planning Meeting Agenda dated 5/10/99 | Morris Dep. Ex. 4 | | | |
| | 32. | Morris Memo to Rob Kreider re: Close-out Report | Morris Dep. Ex. 5 | | | |
| | 33. | D.A.W.N. News dated 5/16/99 | Morris Dep. Ex. 6 | | | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing TYCO Electronics Corporation's Pretrial Memorandum has been served via first class mail, postage prepaid, on the **15th day of March, 2002**, upon the following:

> Patricia Carey Zucker, Esquire
> Michael V. Brown, Esquire
> Elliot, Reihner, Siedzikowski, Egan & Balaban
> Governors' Row
> 27 N. Front Street
> P.O. Box 1284
> Harrisburg, PA  17108-1284

VINCENT CANDIELLO

1-HA/98770.1